# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS WASHAM,** | : | **Civil No. 1:15-CV-2397** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Chief Judge Conner)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| | : | |
| **LAWRENCE MAHALLAY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The 19th century English writer and poet, Lewis Carroll, was a literary stylist whose novel, <u>Alice In Wonderland</u>, depicted a world in which things real and imagined were seamlessly intertwined, and whose poem, <u>Jabberwocky</u>, presented a beguiling blend of the eloquent, the profound, and the incomprehensible. Carroll also, on occasion, forayed into nautical literary references, telling us that: "No good fish goes anywhere without a porpoise."  Our screening review of the instant case calls to mind Carroll's literary mastery, and the fundamental truth that great literary qualities often do not translate into a great, or even a viable, lawsuit. In this case we have a pleading filed by a state prisoner, who insists on describing himself as a ship and whose filing violates Lewis Carroll's nautical advice by goes everywhere but without

a discernible purpose.   Accordingly, for the reasons set forth below, it is recommended that this case be dismissed.

On December 14, 2015, Thomas Washam, a state prisoner, filed this "civil action for injunction." (Doc. 1.) Washam's complaint consists of 53 pages of pleadings, affidavits, declarations and miscellaneous attachments. (Id.) Despite its length, this document is almost entirely unintelligible, and seems to be comprised of an eccentric array of legal aphorisms and other random observations. (Id.) The pleading also implies that Washam, a state prisoner, believes that he is actually a ship or boat whose body has been misplaced, since the complaint concludes with the following odd recital: "The flag ship Thomas Washam upon bona fide order of arrest of vessel for return to it's home port due to adverse possession. I, Thomas Washam, declare by action in detinue that I lost my body in Dallas, Pa., at the location recorded in the State and territorial Non-Judicial record enclosed. My full flesh and blood body was found by Lawrence Mahallay and has been wrongfully detained and occupied beyond the 20-year Statute of limitations on judgments. . . . . Thus, the Obligation on Contracts and the statutes of fraud demand that the body of Thomas Washam be seized by U.S. Marshal for return to it's home port with peace." (Id., p. 6.)

Washam has not paid a filing fee and apparently seeks leave to proceed *in forma pauperis*. While we will permit Washam to proceed *in forma pauperis*, for reasons set forth below, it is recommended that this case be dismissed.

## II.    Discussion

### A.    Washam's Pleadings Fail as a Federal Habeas Corpus Petition

At the outset, viewing these pleadings as some form of petition for writ of habeas corpus, we note that this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").  Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Here it is evident from this pleading that summary dismissal of this case as a purported habeas corpus petition is appropriate for several reasons.

3

First, the pleading does not comply with the legal requirements set for a petition for writ of habeas corpus filed by a state prisoner pursuant to 28 U.S.C. §2254. A state prisoner seeking to invoke the power of this Court to issue a writ of habeas corpus must satisfy the standards prescribed by 28 U.S.C. § 2254, which provides in part as follows

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> **(b)(1)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> **(A)** the applicant has exhausted the remedies available in the courts of the State;
> . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
> **(2)** An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

28 U.S.C. § 2254 (a) and (b).

As this statutory text implies, state prisoners must meet exacting substantive and procedural benchmarks in order to obtain habeas corpus relief.  At the outset, a petition must satisfy exacting substantive standards to warrant relief.  Federal courts may "entertain an application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  By limiting habeas relief to state conduct which violates "the Constitution or laws or treaties of the United States," § 2254 places a high threshold on the courts.  Typically, habeas relief will only be granted to state prisoners in those instances where the conduct of state proceedings led to a "fundamental defect which inherently results in a complete miscarriage of justice" or was completely inconsistent with rudimentary demands of fair procedure.  See, e.g., Reed v. Farley, 512 U.S. 339, 354 (1994).  Thus, claimed violations of state law, standing alone, will not entitle a petitioner to § 2254 relief, absent a showing that those violations are so great as to be of a constitutional dimension.  See Priester v. Vaughan, 382 F.3d 394, 401-02 (3d Cir. 2004).

Further, such petitions must meet exacting procedural thresholds, both in terms of their timeliness and the full exhaustion of state court remedies prior to proceeding in federal court.  Here, to the extent that we can understand Washam's pleading, it appears to relate to Washam's 1987 murder conviction in the Court of Common Pleas of Delaware County. Commonwealth v. Washam, CP-23-CR-2061-1987.  The docket in this state case reveals that, on October 30, 2015, Washam was denied some form of post-conviction relief in this state case by the trial court, and advised of his right to appeal this denial of post-conviction relief to the Pennsylvania Superior Court.

Therefore, the record of these state court proceedings raise grave doubts that Washam's petition would be either timely filed or fully exhausted. In sum, Washam's odd pleading meets none of these substantive or procedural thresholds for a valid federal habeas corpus petition. Therefore, we should decline to treat it as a petition for writ of habeas corpus, but rather should summarily dismiss the document.

### B.   Washam's Pleadings Do Not State a Civil Rights Claim Upon Which Relief May be Granted

Further, if we construe this action as a civil rights lawsuit, instead of a habeas corpus petition, we remain obliged to dismiss these claims. Since Washam, a state prisoner, has brought this action without the payment of the required filing fee he is presently proceeding *in forma pauperis* before this court, and his complaint is subject to an initial screening review.  This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which  seek redress against government officials. See 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, 28 U.S.C. § 1915(e)(2)(B)(ii) enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted."

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly,</u> 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)]and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555. "Factual allegations must be enough to raise a right to relief

above the speculative level." Id. In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state
> a claim, district courts should conduct a two-part analysis. First, the
> factual and legal elements of a claim should be separated. The District
> Court must accept all of the complaint's well-pleaded facts as true, but
> may disregard any legal conclusions. Second, a District Court must then
> determine whether the facts alleged in the complaint are sufficient to
> show that the plaintiff has a "plausible claim for relief." In other words,
> a complaint must do more than allege the plaintiff's entitlement to relief.
> A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and
> plain statement of the grounds for the court's jurisdiction, unless the
> court already has jurisdiction and the claim needs no new jurisdictional
> support; (2) a short and plain statement of the claim showing that the
> pleader is entitled to relief; and (3) a demand for the relief sought, which
> may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this case, our screening review reveals that this pleading fails as a civil rights action on several grounds. First, the pleading violates the basic tenet of federal practice which requires that "a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 210-11.  In addition, dismissal of this complaint is also warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

It is well-settled that: "[t]he  Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007). Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is also largely unintelligible," Stephanatos v. Cohen, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8  is clearly appropriate. See, e.g., Mincy v. Klem, 303 F. App'x 106 (3d Cir. 2008); Rhett v. New

Jersey State Superior Court, 260 F. App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra; Scibelli v. Lebanon County, supra; Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011).

Here, Washam's filing fails to satisfy these basic, minimal pleading standards. Indeed, this document sets forth no well-pleaded, or intelligible, factual narrative thread. The eccentricity and inadequacy of this complaint is underscored by Washam's insistence on describing himself in nautical terms as a flag ship or vessel seeking a return to his home port. With few exceptions boats are not men, men are not boats,  and men may not be treated as boats under the law. Since much of what Washam recites is premised upon his characterization of himself as "the flag ship Thomas Washam" we cannot discern what Washam is claiming, and much of what he seems to say is simply impossible. As a legal matter, we are unable to "believe[] as many as six impossible things before breakfast;"[1] and we recognize that these pleadings would leave  "the defendants having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison,

---

[1]Alice in Wonderland.

438 F. App'x 158 (3d Cir. 2011). Therfeore, dismissal of this action is fully warranted here.

Dismissal of this action is also independently justified since "[a] federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (internal citations and quotation marks omitted)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). The court's authority to dismiss claims that "are wholly devoid of merit" is not linked to a plaintiff's *in forma pauperis* status. Id. Therefore, payment of any filing fees are immaterial to our assessment of his pleadings under this legal standard.  Rather what controls here is our assessment regarding whether "the  complaint is subject to dismissal because it presents a cause of action that ' "relies on "fantastic or delusional scenarios." Neitzke v. Williams, 490 U.S. 319, 328, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).' DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir.2009)." Gilboy v. Mellow, 3:CV-12-1237, 2012 WL 3957977 (M.D. Pa. June 29, 2012) report and recommendation adopted, 3:12-CV-1237, 2012 WL 3959270 (M.D. Pa. Sept. 10, 2012).

Here, "[t]here is no question that [these] claims meet this standard, as they rely on fantastic scenarios lacking any arguable factual basis." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir.2009). Indeed, in his pleadings, Washam describes himself as a vessel whose flesh and blood body has been lost, then found, by state officials. By any measure, these "allegations . . . 'are so attenuated and unsubstantial as to be absolutely devoid of merit, ... wholly insubstantial, ... obviously frivolous, ... plainly unsubstantial, ... or no longer open to discussion.' Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974) (internal citations and quotation marks omitted)." DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009). Therefore, *sua sponte* dismissal of this action is also entirely appropriate here pursuant to Rule 12(b)(1).

We recognize that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, See Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). In this case, the plaintiff's *pro se* pleadings do not comply with federal pleading rules, do not contain sufficient factual recitals to state a claim upon which relief may be granted, and rely upon the fantastic and implausible assertion that Washam, a convicted murderer, is actually a boat subject to some sort of admiralty jurisdiction. Therefore, these allegations should be

dismissed under 28 U.S.C. § 1915, and Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Moreover, since the factual and legal grounds proffered in support of the complaint make it clear that the plaintiff has no right to relief, granting further leave to amend would be futile or result in undue delay. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Therefore it is recommended that this action be dismissed without further leave to amend.

### III.    Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the Plaintiff's complaint be dismissed with prejudice as frivolous for failure to state a claim and this case be closed.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified  proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of

that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 16th day of December,  2015.

*S/Martin C.  Carlson*
Martin C. Carlson
United States Magistrate Judge